Kirkpatrick C. J.
This is an action of debt upon an administration bond. It appears by the condition of bond, that James Ash, jun., one of the defendants, had plied to the surrogate of the county of Burlington for administration of the estate of one Ann Leonard, then deceased; that Jacob Carman and John King, upon this application, filed a caveat by which the matter was, in due form, brought up before the Orphans’ Court of that county; that upon the hearing of the case, there was a decree in favour of the said James Ash, jun., and an appeal immediately taken by the said Jacob Carman to the ordinary in the prerogative court; and that the said James Ash, jun., then applied to the same Orphans’ Court for administration of the said estate, pendente lite, which was granted to him, and this bond taken thereupon.
Upon oyer of this condition, the defendants pleaded that the said bond was taken and exacted from them by the said Orphans’ Court upon the granting of the said administration, under and by colour of their office, whereas by law they had no power or authority to take or exact the same, and therefore that the said bond is void.
To this plea there is a demurrer and a joinder in demurrer.
It is insisted for the defendants, that upon the appeal to the prerogative court, the whole matter in controversy was removed from the jurisdiction of the court below, and that therefore, both in granting the administration to Ash, and in taking this bond, they have acted without lawTful authority, and that therefore the bond is void.
*358 The decision of this question, as to the jurisdiction, seems to me to belong more properly to the prerogative court itself.
It may not be amiss, however to observe, that formerly the granting of administration, in this state, belonged entirely to the ordinary; that the inferior courts lately created by act of assembly, which now participate in that power, possess so much of it, *and so much only, as is expressly granted to them, and that the residue still remains where it originally was; that it is of the nature of an appeal, at once to supercede the jurisdiction of the inferior court, and to place the subject matter of the controversy in the possession of the superior.
Now the act constituting the orphans’ courts, expressly grants the appeal, and that in the most broad and unlimited manner, and upon that appeal being made, it reserves to the court no such power as is here exercised; the appeal must have its legitimate effect.
I should therefore incline to think, that the Orphans’ Court of Burlington, has, in this instance, mistaken and exceeded its powers.
But the consequence drawn from that mistake, does not seem to me to follow. The defendant, Ash, upon the appeal being made as to the granting of general letters, sues for the administration pendente lite, and, the court being led into error by an imposition of his own, such administration is granted to him, upon condition that he give bond &c.; and thereupon he, with his sureties, enter into this bond. Having by this means possessed himself of the intestate’s estate, under colour of law, he would now, in this manner, discharge himself of his accountability. It cannot be. The bond is voluntary and for a lawful consideration. The very attempt to get rid of it is contrary to all good faith.
Therefore in my opinion, let the plea be overruled, and let judgment be entered for the plaintiff.
M’llvaine and Ewing for plaintiff. Griffith, for defendants.